IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| JASON DEJESUS | ) | |

## **MEMORANDUM AND ORDER**

Following a four week, seven-defendant jury trial, defendant Jason DeJesus was found guilty on counts one and five of the third superseding indictment. Now before the court is defendant DeJesus's "Motion for Judgment of Acquittal" [doc. 651]. The government has responded in opposition to the motion [doc. 678], and the defendant has not replied. For the reasons that follow, the defendant's motion will be denied.

*I.*

*Background & Authority*

The third superseding indictment charged the defendant with conspiring to distribute and possess with the intent to distribute cocaine (count one) and with conspiring to distribute and possess with the intent to distribute cocaine base (count five). The defendant moved for acquittal at the close of the government's proof at trial, and again at the close of all the proof. Both requests were denied, and the defendant's renewed motion is now before the court.

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence

claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

*II.*

*Analysis*

A. Witness Credibility

The defendant's motion primarily attacks the credibility of testifying codefendant Jamie Rush. "Sufficiency-of-the-evidence appeals are no place . . . for arguments regarding a government witness's lack of credibility." *United States v. Hernandez*, 227 F.3d 686, 694-95 (6th Cir. 2000) (citations and quotations omitted). The defendant's credibility complaints therefore are not grounds for acquittal.

B. Corroboration

The defendant also complains that Rush's testimony was not corroborated. However, the court correctly instructed the jurors that the testimony of a cooperating witness should be considered "with more caution than the testimony of other witnesses. Do not convict a defendant based on the unsupported testimony of such a witness, standing alone,

2

unless you believe their testimony beyond a reasonable doubt." "[I]t is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999).

## C. Sufficiency of the Evidence

As noted, counts one and five of the third superseding indictment charged that the defendant was a member of conspiracies to distribute and to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, respectively. The government had the burden at trial of proving beyond a reasonable doubt as to each count: (1) an agreement to violate the drug laws; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. A rational jury could easily have found all of these elements satisfied by the evidence at trial.

During three weeks of proof, the jurors were presented with a substantial amount of wiretap and documentary evidence. The jurors also heard the testimony of codefendant Rush and investigating agent Brian Vicchio, among others, regarding the nature and extent of the conspiracies. A rational trier of fact could easily have found the existence of cocaine and cocaine base distribution conspiracies.

The government similarly met its burden regarding the defendant's knowledge, intent, and participation. The jurors were presented with intercepted communications between the defendant and codefendant Sunnah Maddox evidencing that the defendant supplied Maddox with cocaine and that the defendant provided advice and assistance when

3

Maddox had difficulties cooking the cocaine into crack. Further, as discussed at pages three and four of the United States' response brief, testimony by Rush, Detective Sam Serrano, and Agent Michael Templeton provided further proof that the defendant supplied Maddox and that he helped Maddox in the cooking process.

In his motion, the defendant does not deny that he was part of a conspiracy. Instead, relying primarily on Maddox's trial testimony, the defendant argues that he was part of a conspiracy involving only *marijuana* as opposed to cocaine and cocaine base. Obviously, the jurors weighed Maddox's testimony against the countervailing evidence and decided not to believe it. This court cannot reweigh that determination on Rule 29 review.

A rational trier of fact could have found the essential elements of counts one and five beyond a reasonable doubt. The defendant's sufficiency-of-the-evidence argument therefore fails.

### III.

### *Conclusion*

For the reasons provided herein, the defendant's "Motion for Judgment of Acquittal" [doc. 651] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

                                                        s/ Leon Jordan
                                            United States District Judge